UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ERIC JOSEPH LABADIE,

        Petitioner,                  Case No. 2:18-cv-41

v.                                        Honorable Gordon J. Quist

MICHAEL BITNER,

        Respondent.

_____/

## **OPINION**

       This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[1] If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

---

[1] The Rules Governing § 2254 Cases also apply to petitions filed under § 2241. See Rule 1(b), Rules Governing § 2254 Cases.

**Discussion**

I.  **Factual allegations**

At the time that the instant petition was filed, Petitioner Eric Joseph Labadie was incarcerated at the Chippewa County Jail awaiting trial on state criminal charges. The electronic docket shows that Petitioner's address was changed on April 10, 2018, to a street address. (ECF No. 4.) Therefore, it appears that Petitioner is no longer in custody at the County Jail. Petitioner states that he was arrested on August 31, 2017. On March 22, 2018, Petitioner filed his habeas corpus petition. The petition raises four grounds for relief, as follows:

I.  Petitioner's arrest was without probable cause.

II. Ineffective assistance of counsel during preliminary examination.

III. Appearance of impropriety by the court.

IV. Affidavit of probable cause lacked date and time in violation of Petitioner's due process rights.

(Pet., ECF No. 1, PageID. 6-8.)

II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d

480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

The instant case was filed pursuant to § 2241 rather than § 2254. However, Sixth Circuit precedent requires a habeas Petitioner filing under § 2241 to exhaust state court remedies where such remedies are available. *See Collins v. Million,* 121 F. App'x 628, 630 (6th Cir.2005) (*see also Seaton v. Kentucky,* 92 F. App'x 174, 175 (6th Cir.2004) (affirming dismissal of § 2241 petition for "failure to exhaust state court remedies"); *Atkins v. Michigan,* 644 F.2d 543, 546 (6th Cir.1981) (courts should abstain from the exercise of jurisdiction under § 2241 if the issues raised in the petition may be resolved by state procedures available to the petitioner).

As noted, Petitioner filed this action as a state pre-trial detainee challenging the constitutionality of his ongoing criminal proceedings. Petitioner claims that his arrest and detention violate his constitutional rights, and seeks a dismissal of the state criminal charges. As of the date of Petitioner's application for habeas corpus relief, he had not yet been convicted by a state court. Therefore, Petitioner's application for habeas relief must be dismissed because it is premature. Although Section 2241 gives the federal courts jurisdiction to consider pretrial habeas corpus petitions, "the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). "Intrusion into state proceedings already underway is warranted only in extraordinary circumstances." *Id*. Federal habeas corpus relief is only available to review the merits of a state criminal charge prior to a judgment or conviction by a state court in "special circumstances." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). The Sixth Circuit

Court of Appeals has found that a federal court may consider a pretrial habeas corpus petition when the petitioner seeks a speedy trial and has exhausted his available state court remedies, *Atkins*, 644 F.2d at 546-47, seeks to avoid a second trial on the grounds of double jeopardy, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); *see also Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300-03 (1984), or faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989). None of the aforementioned exceptions fits the present case.

Additionally, Petitioner has not alleged that he has exhausted his state-court remedies. The federal courts have developed a common-law doctrine of exhaustion to protect the opportunity of the state courts to resolve constitutional issues arising within their jurisdictions and to limit federal interference in the state criminal process. *Atkins*, 644 F.2d at 546. The practical effect of this exhaustion requirement is that review of most claims in habeas is not available before a state trial and appeal of the final judgment at every level of the state-court system. *See, e.g., Adams v. Michigan*, No. 1:06-cv-785, 2006 WL 3542645, at *1 (W.D. Mich. Dec. 7, 2006); *Frazier v. Michigan*, No. 06-cv-11624, 2006 WL 1156438, at * 1 (E.D. Mich. Apr. 28, 2006); *Van Durmen v. Jones*, No. 4:02-cv-184, 2006 WL 322486, at * 2 (W.D. Mich. Feb. 10, 2006). Petitioner's claims may be resolved at his trial or upon appeal of the final-judgment to the state courts. Accordingly, the filing of Petitioner's application for habeas corpus relief was premature and will be dismissed.

Where a § 2241 Petitioner complains of a detention arising out of process issued by a State court, the Petitioner is required to obtain a certificate of appealability (COA) in order to appeal the denial of his petition. *Greene v. Tennessee Dept of Corrections*, 265 F.3d 369, 370

(6th Cir. 2001). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that Petitioner's claims are properly dismissed on procedural grounds. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court will deny Petitioner a certificate of appealability.

Dated: August 28, 2018                          /s/ Gordon J. Quist
                                                GORDON J. QUIST
                                                UNITED STATES DISTRICT JUDGE